## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

TONI TAYLOR,

     Plaintiff,

v.

NORTHEAST GEORGIA MEDICAL
CENTER, INC.

     Defendant.

Civil Action No.:
2:21-cv-00068-RSW-JCF

**JURY TRIAL DEMANDED**

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Toni Taylor (hereinafter "Plaintiff Taylor"), and files this, her Complaint for Damages against Defendant Northeast Georgia Medical Center, Inc. showing the Court the following:

## INTRODUCTION

1.      This action is brought pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.* and the Consolidated Omnibus Budget Reconciliation Act ("COBRA") 29 U.S.C. § 1161 et seq.

Plaintiff Taylor was a high performing registered nurse employed with Northeast Georgia Medical Center.  Starting in March of 2020, Ms. Taylor began working on a COVID-19 dedicated floor.  She worked sixty hours a week treating COVID-19 patients, putting her and her family's health at risk by caring for COVID-19 positive individuals.

While serving as a COVID-19 dedicated nurse, Plaintiff Taylor's minor, daughter sustained a serious, lasting and painful back injury at L5-S1 where herniated disc(s) are pressing on the sciatic nerve, along with other nerves. Plaintiff Taylor's daughter is unable to stand for extended periods of time, unable to work, and unable to perform other basic life functions. As a result, she required assistive care from her mother, Plaintiff Taylor.

Plaintiff Taylor began requesting FMLA leave from Defendant Northeast Georgia Medical Center on January 15, 2021. She persistently sought help and guidance from Defendant's Human Resources department ("HR"), the third-party administrator Unum ("Unum"), and former supervisor, Ms. Robinson ("Robinson"). Having never requested FMLA leave before, Plaintiff Taylor was unaware of the process, unaware of how much leave she could take, unaware of what information she needed to provide, and found the "bubble" form confusing. Rather than provide Plaintiff Taylor with the required employer notice, Defendant Northeast Georgia Medical Center denied Plaintiff Taylor's leave and terminated her employment in order to prevent giving her likely leave in the future.

Northeast Georgia Medical Center also immediately cancelled Plaintiff Taylor's health, dental, and vision insurance leaving her and her family without medical care, including coverage for her daughter's needed back surgery. Northeast Georgia Medical Center also failed to offer COBRA continuation of its health,

dental, and vision plan, failed to provide election notice, and failed to provide early termination notice to the Taylor family.

## THE PARTIES

2.      Plaintiff Taylor is a former employee of Defendant Northeast Georgia Medical Center that was employed with the hospital for more than two years of employment.

3.      Plaintiff Taylor is a citizen of the State of Georgia who resides at 1359 Ashbury Mill Road, Cleveland, Georgia 30528.

4.      In the twelve months that preceded both January 2021 and February 2021 Plaintiff Taylor had worked more than 1,250 hours for Defendant Northeast Georgia Medical Center.

5.      During her employment, Plaintiff Taylor participated in Defendant Northeast Georgia Medical Center's covered health, dental, and vision plan, as did her two minor, dependent children.

6.      Defendant Northeast Georgia Medical Center is engaged in commerce and engaged in an industry or activity affecting commerce and has its principal place of business in Gainesville, Georgia.

7.      Defendant Northeast Medical Center may be served via its registered agent, Andrei Boyarshinov at 743 St NE, Legal Department, Gainesville, GA 30501.

8.     Defendant Northeast Georgia Medical Center employed 50 or more employees for each working day during each of 20 or more workweeks in 2019-2021.

9.     Defendant Northeast Georgia Medical Center maintained health plans and had more than twenty full-time employees on more than 50 percent of its typical business days in 2020.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and 28 U.S.C. § 1331 because this case arises under federal statutes, the FMLA and COBRA.

11.     Venue is proper in this court under 28 U.S.C. § 1391 because Defendant Northeast Georgia Medical Center is located in this judicial district and the events giving rise to the claims herein arose in this judicial district.

12.     This Court has personal jurisdiction over Defendant Northeast Georgia Medical Center because it has offices and other locations in this district and transacts significant business in this District.

## FACTUAL ALLEGATIONS

13.     Defendant Northeast Georgia Medical Center hired Plaintiff Taylor as a Registered Nurse on November 12, 2018.

14.     Plaintiff Taylor was a dedicated nurse who rarely called out and worked sixty hours a week most weeks of her employment with Defendant Northeast Georgia Medical Center.

15.     Plaintiff Taylor had eye, dental, and medical coverage for herself and her two dependent, minor children through her employment with Defendant Northeast Georgia Medical Center.

16.     Starting in March of 2020, Plaintiff Taylor began working on a 100% COVID-19 dedicated floor for sixty hours a week.

17.     On or around April of 2020, Plaintiff Taylor received a merit raise in addition to the cost of living raise due to her good performance and good evaluation.

18.     While working on the COVID-19 dedicated floor, Plaintiff Taylor had to double-bag the patients that died from COVID-19 before taking them to the morgue.  Plaintiff Taylor worked a night when four people died.  Some of Plaintiff Taylor's co-workers became very ill from COVID-19 and were hospitalized and one passed away.

19.     After Plaintiff Taylor's minor daughter's medical condition relating to her back and spine worsened, in October 2020, her daughter started treatment with her primary care practitioner for her back injury.  She had an x-ray performed and underwent six weeks of physical therapy.

20.     On December 23, 2020, after the unsuccessful physical therapy, her daughter's physician scheduled her for an MRI and referred her to a neurosurgeon.

21.     On or around January 15, 2020, Plaintiff Taylor began requesting FMLA leave.  Plaintiff Taylor's requests continued until the day of her termination.

22.     Plaintiff Taylor requested FMLA leave to care for her minor daughter with a serious health condition.  Plaintiff Taylor's minor daughter suffers from a painful and serious back/spine condition at L5-S1 where herniated disc(s) are pressing on the sciatic nerve, among other nerves.   She has received a recommendation for surgery.

23.     In January 2021, her daughter began home schooling because of her back injury and in January 2021 or early February 2021, her daughter quit her job, but she had gone on leave from her job starting around November 2020, because of her back pain.

24.     In late-January, Plaintiff Taylor verbalized her request for leave to Robinson that she needed time off to care for her daughter. Plaintiff Taylor also communicated with Robinson about needing FMLA leave over email.

25.     On February 4, 2020, Plaintiff Taylor's daughter saw a neurosurgeon who recommended back surgery.

26.     Plaintiff Taylor requested FMLA leave from HR, Unum and Robinson.

27.     Plaintiff Taylor called HR to ask for FMLA leave to care for her daughter.  She explained to HR that she was fifty-six years old but had never taken FMLA and asked HR for guidance on how to apply for FMLA leave.  HR directed her to call Unum.

28.     Plaintiff Taylor requested FMLA leave from Unum.  Plaintiff Taylor recalls filling out two forms for Unum on January 15, 2021: a paper one that was faxed from work and one online in a bubble option format. Unum to care for her daughter, but she received no response. Plaintiff Taylor never heard back from Unum and never received any communication.

29.     After receiving no response or guidance from Unum for an extended period of time, Plaintiff Taylor eventually called Unum and was told there was a letter to her that was "pending."  Other than this, Unam offered Plaintiff Taylor no information or guidance.

30.     Plaintiff Taylor wanted Unum to get back to her, because she had never applied for FMLA before, was unfamiliar with the process, and did not understand Unum's form and the various bubble options that it contained.  Plaintiff Taylor was not sure whether she had properly completed the FMLA leave request form and was looking for guidance and assistance – she did not receive it.

31.     Upon information and belief, Unum sent notice to Robinson.

32.     When she had not gotten a response to her leave request and when it became time for employees to sign up for the days they wanted to work for the next 6 week schedule, Plaintiff Taylor scheduled herself offer for 4.5 weeks of the upcoming schedule, which was to begin around February 14, 2021. On February 1, 2021 the finalized schedule came out and Plaintiff Taylor had been approved of the time off.

33.     On February 8, 2021, the day before Plaintiff Taylor's termination, Robinson told Plaintiff Taylor that she could not give her the requested leave. Plaintiff Taylor responded saying she would need FMLA when her daughter had her back/spine surgery.

34.     On February 9, 2021, Robinson terminated Plaintiff Taylor's employment.

35.     Immediately upon terminating her employment, Defendant Northeast Georgia Medical Center canceled Plaintiff Taylor's health, dental, and vision insurance even though she had paid premiums for the entire month.  Defendant Northeast Georgia withheld the insurance premiums from Plaintiff's February paycheck but proceeded to immediately cancel her insurance.

36.     The immediate cancelation of Plaintiff Taylor's insurance has harmed her and her dependent minor children.

37.    As examples of the harm, Plaintiff Taylor's daughter is hindered with moving forward in the care of her back injury, a scheduled wisdom tooth extraction appointment had to be canceled and needed medication for her skin condition could not be filled. Plaintiff Taylor herself is in need of care for Hypertensive concerns.

38.    As of the filing of this lawsuit, neither Plaintiff Taylor nor either of her minor, dependent children have received any COBRA notification or related correspondence.

39.    On February 26, 2021 (well-after the five-business day notice period), Plaintiff finally received the first response from Unum regarding her January 15, 2021 request for leave.

40.    Unum's failure to give notice prejudiced Plaintiff Taylor because she did not receive the leave she requested.  Nor did she receive the guidance that she needed regarding how to submit her FMLA leave.  Had Defendant Northeast Georgia Medical Center provided Plaintiff Taylor with timely notice she could have and would have provided additional information needed to resolve any of Defendant's concerns or modified her request to resolve any of Defendant's concerns.

**Defendant Northeast Georgia's Pretextual Termination of Plaintiff Taylor**

41.    At her February 9, 2021 termination meeting, Robinson told Plaintiff Taylor that she was being terminated because of an altercation on or around February 2nd with an employee named Autumn.

42.    This purported reason is pretextual and contradicted by witnesses.

43.    Further, Robinson's termination of Plaintiff Taylor's employment deviated from the company's progressive discipline policy.  Defendant's normal policy it to give a third and final written warning before termination, but Plaintiff Taylor did not receive it.  Before her termination, Plaintiff Taylor did not receive a suspension or a final written warning.

44.    Also, other co-workers engaged in substantially similar offenses but were not terminated.

45.    After her termination Plaintiff Taylor called Defendant Northeast Georgia Medical Center's HR and spoke with a woman named Carlotta Newman. Plaintiff Taylor was unable to reach human resources, after a week passed and Plaintiff Taylor had not gotten a phone call back, she went in in-person to ask for information.

46.    Finally, the next day Carlotta Newman called her back. Plaintiff Taylor protested her termination and explained that she had witnesses disputing the purported reason for termination.  Defendant Northeast Georgia Medical Center then changed its purported reason for termination and mentioned a January 13 incident.

47.     This purported reason is pretextual and false contradicted by witnesses.

48.     Defendant Northeast Georgia Medical Center never disciplined Plaintiff for this January 13 incident during her termination.  Nor did anyone ever mention to Plaintiff that the January 13 incident would or could result in discipline during Plaintiff's employment.  No manager approached Plaintiff about this being an issue.

## COUNT ONE – INTERFERENCE WITH FMLA RIGHTS

49.     Plaintiff Taylor incorporates herein by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

50.     At all times material hereto, Defendant Northeast Georgia Medical Center has been an "employer" within the meaning of the FMLA, 29 U.S.C. §2611(4), having employed 50 or more employees for each working day for at least 30 work weeks in the year prior to Plaintiff Taylor's leave and having engaged in commerce or in any industry or activity affecting commerce.

51.     At all times material hereto, Plaintiff Taylor was an "eligible employee" of Defendant Northeast Georgia Medical Center within the meaning of the FMLA, 29 U.S.C. §2611(2), having been employed by Northeast Georgia Medical Center since November 2018 and having worked over 1,250 hours in the twelve-month period preceding her request.

52.    Plaintiff Taylor was entitled to FMLA leave to care for her minor daughter with a serious health condition.

53.    Defendant Northeast Georgia Medial Center engaged in prohibited conduct under the FMLA by interfering with, restraining, or denying Plaintiff Taylor's rights provided under the Act by refusing to provide Plaintiff Taylor with her entitled twelve weeks of FMLA leave and by terminating Plaintiff Taylor in violation of the FMLA.

54.    Defendant Northeast Georgia Medial Center engaged in prohibited conduct under the FMLA by interfering with, restraining or denying Plaintiff Taylor's rights provided under the Act by failing to notify her of her eligibility to take FMLA leave within five business days of acquiring knowledge that Plaintiff Taylor requested leave for a potentially FMLA-qualifying reason.

55.    Defendant Northeast Georgia Medial Center engaged in prohibited conduct under the FMLA by interfering with, restraining, or denying Plaintiff Taylor's rights provided under the Act by failing to give Plaintiff Taylor FMLA leave in a timely manner.

56.    Defendant Northeast Georgia Medial Center engaged in prohibited conduct under the FMLA by interfering with, restraining, or denying Plaintiff Taylor's rights provided under the Act by terminating her in order to prevent giving her anticipated FMLA leave.

57.     Defendant Northeast Georgia Medial Center engaged in prohibited conduct under the FMLA by interfering with, restraining, or denying Plaintiff Taylor's rights provided under the Act by denying her right to be reinstated following a leave period.

58.     Plaintiff Taylor has been prejudiced by the FMLA violation. Plaintiff Taylor suffered a harm remediable by either damages or equitable relief. Specifically, Plaintiff Taylor was damaged through loss of wages, salary, employment benefits, healthcare or other compensation denied to Plaintiff Taylor by reason of the violation.

59.     Plaintiff Taylor is entitled to recover from Defendant Northeast Georgia Medical Center for at least the wages and employment benefits, including but not limited to healthcare, she has lost as a result of Defendant Northeast Georgia Medical Center unlawful conduct in violation of the FMLA, and interest thereon, calculated at the prevailing rate. As well as her reasonable litigation expenses, attorneys' fees, and costs.

60.     Plaintiff Taylor is entitled to recover liquidated damages from Defendant Northeast Georgia Medical Center in addition to the compensation alleged above in accordance with 29 U.S.C. § 2617(1).

61.     Plaintiff Taylor is entitled to reinstatement at her former job position or front pay.

## COUNT II – FMLA RETALIATION

62.     Plaintiff Taylor incorporates by reference each and every allegation of this Complaint.

63.     At all times material hereto, Defendant Northeast Georgia Medical Center has been an "employer" within the meaning of the FMLA, 29 U.S.C. §2611(4), having employed 50 or more employees for each working day for at least 30 work weeks in the year prior to Plaintiff Taylor's leave and having engaged in commerce or in any industry or activity affecting commerce.

64.     At all times material hereto, Plaintiff Taylor was an "eligible employee" of Defendant Northeast Georgia Medical Center within the meaning of the FMLA, 29 U.S.C. §2611(2), having been employed by Northeast Georgia Medical Center since – and having worked over 1,250 hours in the twelve-month period preceding her request.

65.     Plaintiff Taylor engaged in protected activity when she requested FMLA leave to care for her minor daughter with a serious health condition from Defendant Northeast Georgia Medical Center.

66.     Defendant Northeast Georgia Medical Center's conduct constitutes unlawful retaliation against Plaintiff Taylor in willful violation of her rights under the FMLA, 29 U.S.C. § 2615(a).

67.     Plaintiff Taylor suffered an adverse employment action when she was terminated on or about February 9, 2021 within a close temporal proximity of her request for leave, which supports an inference of causation between the request for leave and Plaintiff Taylor's termination.

68.     Northeast Georgia Medical Center terminated Plaintiff's employment in close temporal proximity to her protected activity for a pretextual reason.  Among other things, Defendant Northeast Georgia Medical Center's has changed its stated reason for terminating Plaintiff, not followed its progressive discipline policy, used a provably false reason, and treated Plaintiff differently than similarly situated comparators.

69.     Plaintiff Taylor is entitled to recover from Defendant Northeast Georgia Medical Center for at least the wages and employment benefits, including but not limited to healthcare, she has lost as a result of Defendant Northeast Georgia Medical Center unlawful conduct in violation of the FMLA, and interest thereon, calculated at the prevailing rate.  As well as her reasonable litigation expenses, attorneys' fees, and costs.

70.     Plaintiff Taylor is entitled to recover liquidated damages from Defendant Northeast Georgia Medical Center in addition to the compensation alleged above in accordance with 29 U.S.C. § 2617(1).

71.     Plaintiff Taylor is entitled to reinstatement at her former job position or front pay.

## **COUNT III - COBRA**

72.     The Consolidated Omnibus Budget Reconciliation Act, generally referred to by the acronym "COBRA," requires qualifying employers to offer continuation coverage to covered employees, their spouse, and their dependent children when group health and dental coverage would otherwise be lost due to specific events.  Those events include termination of a covered employee or, as in this case, reduction in the hours of a covered employee's employment for reasons other than gross misconduct.

73.     At all relevant times, Defendant Northeast Georgia Medical Center had a COBRA covered health, dental, vision plan and was subject to COBRA's requirements.

74.     Plaintiff Taylor was a covered employee and participated in Defendant Northeast Georgia Medical Center's COBRA covered health, dental, and vision plan on the day preceding the qualifying event(s).

75.     Plaintiff Taylor's two minor, dependent children are qualified beneficiaries of Defendant's COBRA covered health, dental, and vision plans. Plaintiff brings this action on their behalf.

76.     A qualifying event occurred on or around February 9, 2021 when Defendant Northeast Georgia Medical Center terminated Plaintiff Taylor's employment.

77.     For the reasons described above, Plaintiff Taylor did not actually engage in gross misconduct and gross misconduct was not actually the reason that Defendant Northeast Georgia Medical Center terminated Plaintiff Taylor's employment.

78.     In violation of COBRA, Defendant Northeast Georgia Medical Center failed to provide Plaintiff Taylor with at least three required notices:  COBRA qualifying event notice, COBRA election notice, COBRA notice of early termination of continuation coverage.  Defendant additionally violated COBRA by failing to offer continuation coverage.  COBRA notice of early termination of continuation coverage to covered Plaintiff and her two dependent children. Defendant failed to offer continuation coverage.

79.     Each qualified beneficiary is entitled to independently elect COBRA coverage.  Therefore, COBRA notice is not only required to be delivered to covered employee but also a separate notice be provided to all qualifying beneficiaries.

80.     Defendant violated COBRA by failing to provide notice to any and all of three members of the Taylor Family.

81.     COBRA requires that Northeast Georgia Medical Center offer the Taylor family continuation coverage extending the health and dental plan at least eighteen months past the date of the qualifying event. 29 U.S.C. § 1162(2)(A)(i).

82.     Northeast Georgia Medical Center failed to provide the requisite offer in accordance with COBRA.

83.     In addition to requiring that the Taylor Family be given the option to extend coverage under Northeast Georgia Medical Center's group health, dental, and vision plan for at least eighteen months past the date of a qualifying event, COBRA also mandates that qualified beneficiaries be given notice of his or her option to do so.  See 29 U.S.C. § 1161, 1166.

84.     Among other things, Defendant's complete failure to provide any COBRA notice is evidence of bad faith by Defendant and caused prejudice to Plaintiff.

85.     Each COBRA coverage violation with respect to a qualified beneficiary is subject to a statutory penalty of $110 per day.

86.     Defendant's failure to provide requisite notice to Plaintiff Taylor and her two minor dependent children constitutes three separate COBRA violations.

87.     As a result of Defendant's unlawful actions, Plaintiff and her two minor, dependent children were caused to be without health, dental, and vision insurance.

88.     Defendant is obligated to pay to each member of the Taylor family the amount of $110.00 per day (a total of $330.00 per day to the family) from the time that Defendant was obligated to provide COBRA notice through the date of trial, but no longer than eighteen months, plus prejudgment interest.

89.     Had Defendant given appropriate notice, the Taylor family would not have gone without health and dental insurance and would not have incurred medical expenses.

90.     Due to Defendant's COBRA violation, it is obligated to satisfy the Taylor family's medical expenses minus the cost of the premiums to Defendant plus two percent, during the period that the Taylor family was not fully covered by a group health and dental insurance plan.

91.     Plaintiff Taylor seeks all legal penalties, costs and taxes up to the maximum allowed by law, including, but not limited to, prejudgment interest, attorneys' fees, and all such other relief assessed by this Court.  See 29 U.S.C. § 1132(g)(1).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Taylor respectfully prays this Court grant the following relief:

a.     That Plaintiff Taylor have and recover from Defendant Northeast Georgia Medical Center lost back pay and benefits, including loss of healthcare, with prejudgment interest thereon;

b. That Plaintiff Taylor receive actual monetary losses sustained as a direct result of the violation. 29 U.S.C.A. § 2617 (A)(i)(II).

c.     That Plaintiff Taylor recover liquidated damages from Defendant Northeast Georgia Medical Center;

d.     That the Court order Defendant Northeast Georgia Medical Center to rehire Plaintiff Taylor to her prior position, with salary and fringe benefits that she would have received in that position since the date of her termination, as applicable; or, in the alternative, award front pay and benefits in an amount sufficient to compensate her for the loss of future salary and fringe benefits;

e.     That Plaintiff Taylor recover her attorneys' fees and costs of litigation pursuant to all applicable federal laws; and

f.     That Plaintiff Taylor have and recover compensatory damages in an amount to be determined by a jury for Northeast Georgia Medical Center's retaliation;

g.     That Plaintiff Taylor have and recover punitive damages in an amount to be determined by a jury for Northeast Georgia Medical Center's retaliation;

h.      An award of penalties for each of the Plaintiffs in the amount of

$330.00 per day for the period of the COBRA violation;

i.      That the Court award Plaintiffs their net medical expenses incurred as a result of Defendant's COBRA violation;

j.      That the Court award Plaintiffs compensatory damages in the amount of any penalties or fees incurred by Plaintiffs as a result of Defendant's COBRA violation;

k.      That this Court issue a permanent injunction against Defendants, prohibiting Defendants from further acting in violation of COBRA and the FMLA; and

l.      Any and other such further relief this Court or the Finder of Fact deems equitable and just.

## JURY DEMAND

Plaintiff Taylor demands a trial by jury.


DATED this 30th day of March, 2021.

Respectfully submitted,

HILL, KERTSCHER & WHARTON, LLP

By:     */s/ Julie H. Burke*
        Julie H. Burke
        Georgia State Bar No. 448095
        Douglas R. Kertscher
        Georgia State Bar No. 416265
        *Attorneys for Plaintiff*

3350 Riverwood Parkway, SE, Suite 800
Atlanta, Georgia 30339
Telephone:  770-953-0995
Facsimile:  770-953-1358
E-mail:  jb@hkw-law.com